IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:20-cv-00210-BO

| | |
|---|---|
| DR. YIZHEN "JENNY" SU, D.O., <br><br> Plaintiff, <br><br> v. <br><br> DR. PATRICIA L. MATTO, D.O., DR. ANDREW M. FREEMAN, D.O., and SOUTHEASTERN REGIONAL MEDICAL CENTER, <br><br> Defendants. | **REPORT OF THE PARTIES' PLANNING MEETING** <br> Fed. R. Civ. P. 26(f) |

1. The following persons participated in a Rule 26(f) conference on January 26, 2021 at 2:00 p.m. by telephone:

    J. Michael Genest on behalf of Plaintiff Dr. Yizhen "Jenny" Su, D.O.

    Benton L. Toups on behalf of Defendants Dr. Patricia L. Matto, D.O., Dr. Andrew M. Freeman, D.O., and Southeastern Regional Medical Center

2. Initial Disclosures. The parties will complete the initial disclosures required by Rule 26(a)(1) by February 25, 2021.

3. Discovery Plan. The parties propose this discovery plan:

    (a) Discovery will be needed on these subjects: All matters and claims alleged in the Complaint as well as defenses thereto.

    (b) Discovery to commence February 25, 2021 and shall be completed by December 31, 2021.

    (c) The maximum number of interrogatories should be 25 by each party to another party.

(d) The maximum number of requests for admission should be 50 by each party to another party.

(e) The maximum number of party depositions shall be 10 by each party.

(f) The limit on the length of depositions is 7 hours.

(g) The dates for exchanging reports of expert witnesses shall be July 31, 2021 for Plaintiff and August 31, 2021 for Defendant.

(h) Dates for supplementations under Rule 26(e) shall be within 30 days of receipt of such information, but in no event later than November 1, 2021.

(i) At this point, the parties do not anticipate that this case will involve many issues with ESI, and the parties anticipate being able to handle such issues without court intervention. To the extent that information or data is stored electronically, the party from whom the data is requested will not be obligated to produce such information or data if it is not reasonably accessible because it would result in undue burden or cost to the party. In such circumstances, the party asserting that data is not reasonably accessible shall provide to the other party an explanation of why the information is not reasonably accessible and of the undue burden or cost associated with retrieving the data. If the electronically stored information sought is not readily obtainable or its production would be unduly burdensome or result in significant expense, the parties agree that the party seeking discovery of the information may request that the Court enter an order allowing discovery of such information at the expense of the party seeking the discovery. Should any sources of electronically stored evidence be identified in this action, the parties agree that the aforementioned discoverable electronically stored information will be

4852-0958-8953, v. 1

produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable.

(j) In accordance with Rule 26(f), the parties have discussed certain issues related to claims or privilege and protection as trial-preparation material and agreed upon a procedure to assert such claims after an inadvertent production of privileged or trial-preparation materials. The parties agree that an inadvertent disclosure of privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents mistakenly produced after discovery of the inadvertent production. The parties further agree that, upon request, any such mistakenly-produced documents shall be returned. In the event of a dispute over use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

4. Other Items:

(a) The parties do not request a conference with the Court before entry of a scheduling order.

(b) The parties request a pretrial conference 30 days before trial.

(c) Final dates for plaintiff to amend pleadings or to join parties shall be by March 1, 2021.

(d) Final dates for any defendant to amend pleadings or to join parties shall be by April 1, 2021.

(e) Final date for the defendants to file dispositive motions shall be within 30 days after the close of discovery.

(f) At this point the parties do not believe settlement discussions would be fruitful at this stage of litigation.

(g) As this case has been selected for mediation, the parties have approved Ken Carlson as the designated mediator for this action.

(h) This case should be ready for trial in April, 2022.  It is anticipated trial will last 10 days.

(k) The parties request a slightly longer than usual discovery period in this case given that fact that most of the parties and witnesses involved in this case are physicians, many of whom reside out of this state.  The parties suspect it will be a challenge to schedule such physicians' depositions.

This the 26th day of January, 2021.

/s/ Benton L. Toups
Benton L. Toups
N.C. State Bar No. 28910
Elizabeth C. King
N.C. State Bar No. 30376
Cranfill Sumner & Hartzog LLP
101 N. 3rd Street, Suite 400
Wilmington, NC  28401
Telephone:  (910) 777-6000
Facsimile:  (910) 777-6111
btoups@cshlaw.com
eking@cshlaw.com
*Attorneys for Defendants*

/s/ J. Michael Genest
J. Michael Genest
The Forge Law Group
N.C. State Bar No. 40703
1610 Highway 70 E.
New Bern, NC 28560
Telephone: (252) 658.5684
JMG@ForgeLawGroup.com
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **REPORT OF THE PARTIES' PLANNING MEETING** with the Clerk of Court using the CM/ECF system, which will send a copy to all counsel as follows:

J. Michael Genest
The Forge Law Group
1610 Highway 70 E.
New Bern, NC 28560
JMG@ForgeLawGroup.com
*Attorneys for Plaintiff*

This the 26th day of January, 2021.

                                    CRANFILL SUMNER & HARTZOG LLP

                                    By:    /s/ Benton L. Toups
                                                BENTON L. TOUPS
                                                N.C. State Bar No. 28910
                                                ELIZABETH C. KING
                                                N.C. State Bar No. 30376
                                                101 N. 3rd Street, Suite 400
                                                Wilmington, NC  28401
                                                Telephone:  (910) 777-6000
                                                Facsimile:  (910) 777-6111
                                                E-mail: btoups@cshlaw.com
                                                               eking@cshlaw.com
                                                *Attorneys for Defendants*